IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JERRAD A. YANDELL                                                        PLAINTIFF

vs.                                          Civil No. 2:14-cv-02220

CAROLYN W. COLVIN                                                        DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

     Jerrad A. Yandell ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of disability under Titles II and XVI of the Act.

     The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 7.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.   **Background:**

     Plaintiff protectively filed his disability applications on April 19, 2011.  (Tr. 24).  In his applications, Plaintiff alleges being disabled due to psychosis, schizophrenia, paranoia, and high blood pressure. (Tr. 174).  Plaintiff alleges an onset date of December 19, 2010. (Tr. 24).  Plaintiff's applications were denied initially and again upon reconsideration.  (Tr. 77-82).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

1

Thereafter, Plaintiff requested an administrative hearing on his applications, and this hearing request was granted. (Tr. 99-108). Plaintiff's administrative hearing was held on September 20, 2012 in Fort Smith, Arkansas. (Tr. 55-76). At this hearing, Plaintiff was present and was represented by Laura McKinnon. *Id.* Plaintiff and a witness for Plaintiff testified at this hearing. *Id.* At this hearing, Plaintiff testified he thirty-two (32) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008) (SSI) and under 20 C.F.R. § 404.1563(c) (2008) (DIB). (Tr. 58). As for his education, Plaintiff also testified he only completed the ninth grade in school and did not obtain his GED. (Tr. 58).

On June 14, 2013, after the administrative hearing, the ALJ entered an unfavorable decision denying Plaintiff's disability applications. (Tr. 55-76). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through June 30, 2014. (Tr. 26, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since December 19, 2010. (Tr. 26, Finding 2). The ALJ determined Plaintiff had the following severe impairments: psychotic disorder and substance abuse disorder. (Tr. 26, Finding 3). The ALJ also determined, however, that Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 27-28, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 28-35, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the capacity to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all

2

exertional levels but with the following nonexertional limitations: the claimant can understand, remember and carry out simple, routine repetitive tasks. He can respond to the usual work situations, routine work changes and supervision that is simple, direct and concrete. He can occasionally interact with supervisors, co-workers and the public.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff was unable to perform any of his PRW. (Tr. 35, Finding 6). The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 36, Finding 10). To address this issue, the ALJ submitted post-hearing interrogatories to Vocational Expert ("VE") Jim Spragins. (Tr. 270-277).

Based upon the VE's responses, the ALJ determined Plaintiff retained the capacity to perform the following occupations:

1.   Small products assembler with 1,320 such jobs in Arkansas and 67,000 such jobs in the nation;

2.   Small products inspector with 750 such jobs in Arkansas and 45,000 such jobs in the nation;

3.   Poultry production line worker with 15,000 such jobs in Arkansas and 596,000 such jobs in the nation;

4.   Hotel housekeeper with 2,000 such jobs in Arkansas and 220,000 such jobs in the nation;

5.   Advertising material distributor with 1,600 such jobs in Arkansas and 59,000 such jobs in the nation; and

6.   Power screwdriver operator with 600 such jobs in Arkansas and 69,000 such jobs in the nation.

Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from December 19, 2010 through the date of the ALJ's decision or through June 14, 2013. (Tr. 36, Finding 11).

Thereafter, Plaintiff requested the review of the Appeals Council.  (Tr. 18).  The Appeals Council denied Plaintiff's request for review.  (Tr. 1-4).  On October 17, 2014, Plaintiff filed his Complaint in this matter.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on November 4, 2014.  ECF No. 7.  Both Parties have filed appeal briefs.  ECF Nos. 10-11.  This case is now ready for decision.

**2.**     **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines

4

a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.**   **Discussion:**

In his appeal brief, Plaintiff claims the following: (1) the ALJ erred by failing to fully and fairly develop the record; (2) the ALJ erred at Steps Two and Three of the Sequential Analysis; and (3) the ALJ erred in his RFC determination. Upon review, the Court finds the ALJ did err by finding Plaintiff's borderline intellectual functioning was not a severe impairment. Accordingly, the Court

will only address this issue.

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities. *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*). *See also Kirby v. Astrue,* 500 F.3d 705, 707-09 (8th Cir. 2007).

Furthermore, the standard for determining whether a claimant suffers from a severe impairment is a low standard. *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should have been considered severe because that diagnosis was supported by sufficient medical evidence). If the ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded. *See Nicola,* 480 F.3d at 887.

In the present action, the ALJ did not find Plaintiff's borderline intellectual functioning was a severe impairment. (Tr. 26, Finding 3). This is despite the fact Plaintiff was diagnosed as having borderline intellectual functioning. (Tr. 603). This finding is also despite the fact Plaintiff was assessed as having a full scale IQ score of 68 on the Wechsler Adult Intelligence Scale - IV. (Tr. 602). A person with an IQ score of 60 through 70 would qualify as automatically disabled under

Listing 12.05(C) or Listing 12.05(D) if certain conditions were met.[2]

Based upon these records, the Court finds this evidence is sufficient to meet the lower standard for demonstrating an impairment is "severe."  Because the ALJ erred by not finding this was a severe impairment, this case must be reversed and remanded.  *See Nicola,* 480 F.3d at 887 (". . . we reject the Commissioner's argument of harmless error").

4.      **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 29th day of May 2015.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[2] Indeed, under Listing 12.05(C), in addition to having a full scale IQ score of 68, Plaintiff need only prove he also has "a physical or other mental impairment imposing an additional and significant work-related limitation of function."